**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

FRANCISCO LOVOS-VASQUEZ;
ROCICELA STEFANY MUNOZ-PEREZ;
DIEGO LOVOS-MUNOZ,

    Petitioners,

v.

MERRICK B. GARLAND, United States
Attorney General,

    Respondent.

No. 24-9503
(Petition for Review)

_____

## ORDER AND JUDGMENT[*]
_____

Before **BACHARACH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Petitioners Francisco Lovos-Vasquez, Rocicela Stefany Munoz-Perez, and

Diego Lovos-Munoz (collectively "Petitioners" or "the Family") petition for review

of a decision by the Board of Immigration Appeals ("BIA") affirming an order by an

Immigration Judge ("IJ") denying their applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). Concluding

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Federal
Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

that the BIA committed no reversible error in denying the Petitioners' applications for relief, we deny their petition for review.

## I.    BACKGROUND

Mr. Lovos-Vasquez is a devout Evangelical Christian from El Salvador. Before coming to the United States in 2021, he began receiving anonymous phone calls from individuals he believed were gang members. He received these anonymous phone calls approximately two-to-three times per week over approximately five months. The phone callers asked Mr. Lovos-Vasquez to become involved in gang-related activity, including selling drugs. Mr. Lovos-Vasquez refused, citing his Christian beliefs. The phone callers threatened Mr. Lovos-Vasquez's life and the life of his family because of his refusal to comply with their demands. Mr. Lovos-Vasquez changed his phone number yet continued to receive these phone calls. Mr. Lovos-Vasquez was never threatened in person. No one in Mr. Lovos-Vasquez's family has been harmed by gang members.

The Petitioners are natives and citizens of El Salvador. The Petitioners entered the United States without being admitted or paroled after inspection. The Department of Homeland Security served each family member with a Notice to Appear charging each with being a noncitizen present in the United States without being admitted or paroled under 8 U.S.C. § 1182(a)(6)(A)(i). Mr. Lovos-Vasquez filed an application for asylum, withholding of removal, and protection under the CAT and listed the other members of the Family as rider applicants for derivative relief.

2

Mr. Lovos-Vasquez argued before the IJ that he suffered past persecution and has a well-founded fear of future persecution on account of his religion, his political beliefs, and his membership in the proposed particular social group of "Salvadoran families from gang-controlled areas resistant to gang rule," by the MS-13 gang, which the Salvadoran government is unwilling or unable to control. App. Vol. 1 at 272. Following a hearing before the IJ, in which Mr. Lovos-Vasquez and Ms. Munoz-Perez testified, the IJ denied relief and ordered the Family to be removed to El Salvador.

In a written decision, the IJ first concluded that Mr. Lovos-Vasquez could not meet his burden to show that he suffered past persecution because, while he received threatening phone calls over several months from unknown individuals whom he believed to be gang members, there is no evidence that he was targeted because of his Christian faith, and he was never threatened in person or physically harmed. Next, the IJ rejected all three grounds upon which Mr. Lovos-Vasquez argued he could show a well-founded fear of future persecution. The IJ concluded Mr. Lovos-Vasquez could not show he suffered a well-founded fear of future persecution on account of his membership in a particular social group because he did not proffer sufficient evidence to show that his proposed particular social group, "Salvadoran families from gang-controlled areas who are resistant to gang rule," is particular or socially distinct, and thus could not show that the particular social group is cognizable. *Id.* at 62. The IJ also concluded that Mr. Lovos-Vasquez could not show that he had a well-founded fear of future persecution on account of his Evangelical Christian religious

3

beliefs given El Salvador's protections for religious freedom and his lack of evidence showing that he would reasonably face harm beyond potential discrimination or harassment on this basis. Lastly, the IJ concluded that Mr. Lovos-Vasquez could not show that he had a well-founded fear of future persecution on account of his political opinion because he made no showing of an actual or imputed political opinion that would subject him to persecution. Next, the IJ concluded that, because Mr. Lovos-Vasquez failed to show statutory eligibility for asylum, he could not show eligibility for withholding of removal. Finally, the IJ concluded that, based on the totality of circumstances, Mr. Lovos-Vasquez did not show it was more likely than not he would be tortured in El Salvador.

The Petitioners appealed the IJ's decision to the BIA. In a single-member decision, the BIA affirmed the IJ. The BIA first concluded that the IJ did not err in concluding that the anonymous threats Mr. Lovos-Vasquez received over the phone did not amount to persecution. Next, the BIA affirmed the IJ's determination that Mr. Lovos-Vasquez's proposed particular social group was neither particular nor socially distinct within Salvadoran society, and thus could not serve as a nexus for a well-founded fear of future persecution. The BIA reasoned his proposed particular social group was not sufficiently particular because "'Salvadoran families' is of indeterminate scope, potentially encompassing an excessively wide degree of familial relationships, and family members of all ages and dissimilar backgrounds." *Id.* at 4. Additionally, the BIA held that the proposed particular social group "lacks particularity because the concepts of being 'from gang-controlled areas' and

4

'resistant to gang rule' are amorphous." *Id.* The BIA said it would not disturb the IJ's findings that the proposed particular social group was not socially distinct.

The BIA further held that the IJ did not clearly err in concluding that Mr. Lovos-Vasquez did not establish a well-founded fear of future persecution on account of his religious beliefs because he "failed to show that his Christian religion was what motivated the past threats he received, or that it will place him at greater risk of harm than the rest of the Salvadoran population, given the specific facts of this case." *Id.* at 5. Next, the BIA held that the IJ "permissibly determined" that Mr. Lovos-Vasquez "has never belonged to a political party and never expressed any political opinion, either publicly or to the unknown callers who threatened him," and that the IJ "permissibly found" that the past callers did not threaten him in order to suppress his political opinion, and thus the IJ did not clearly err in finding that Mr. Lovos-Vasquez did not suffer a well-founded fear of future persecution on account of political opinion. *Id.*

Because the BIA upheld the IJ's denial of asylum, the BIA also upheld the IJ's denial of withholding of removal. Lastly, the BIA concluded that the IJ's denial of CAT protections was not preserved for appeal, noting that the Petitioners failed to raise any arguments under the proper standard for CAT and failed to articulate the error in the IJ's conclusion. This petition for review followed.

## II.     DISCUSSION

### A.     *Standard of Review*

Because a single board member issued the BIA decision, we review it "as the final agency determination and limit our review to issues specifically addressed therein." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). Accordingly, "we confine our review to the BIA's decision . . . and will not address the IJ's decision except where the BIA has explicitly incorporated [her] reasoning." *Miguel-Pena v. Garland*, 94 F.4th 1145, 1153 (10th Cir. 2024) (internal quotation marks omitted), *petition for cert. filed* (U.S. July 3, 2024) (No 24-12). "We consider any legal questions de novo, and we review the agency's findings of fact under the substantial evidence standard. Under that test, our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). "To obtain reversal of factual findings, a petitioner must show the evidence he presented was so compelling that no reasonable factfinder could find as the BIA did." *Gutierrez-Orozco v. Lynch*, 810 F.3d 1243, 1245 (10th Cir. 2016) (internal quotation marks omitted).

### B.     *Past Persecution*

The Petitioners first claim that the BIA erred in affirming the IJ's factual finding that the death threats Mr. Lovos-Vasquez received over the phone did not constitute persecution. To establish eligibility for asylum pursuant to 8 U.S.C. § 1158(b)(1)(B), an applicant bears the burden to show he has been "persecut[ed]" or

has "a well-founded fear of persecution." 8 U.S.C. § 1101(a)(42)(A). To establish eligibility for asylum due to past persecution, "an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is on account of one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Niang v. Gonzales*, 422 F.3d 1187, 1194–95 (10th Cir. 2005) (quotation marks omitted). "In this circuit, the ultimate determination whether [a noncitizen] has demonstrated persecution is a question of fact, even if the underlying factual circumstances are not in dispute and the only issue is whether those circumstances qualify as persecution." *Pang v. Holder*, 665 F.3d 1226, 1231 (10th Cir. 2012) (quotation marks omitted). "The BIA's determination must be upheld unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (internal quotation marks omitted).

In their petition for review, the Petitioners merely assert that Mr. Lovos-Vasquez received death threats over the phone and essentially claim that those threats constituted harm rising to the level of persecution. But without more, that is insufficient in this circuit to show that one has suffered past persecution, let alone to show that the BIA erred in making such a finding. The Petitioners make no attempt to show that the evidence they presented "was so compelling that no reasonable factfinder could find as the BIA did." *Gutierrez-Orozco*, 810 F.3d at 1245 (quotation marks omitted). But even if they had made this attempt, "[t]hreats alone generally do not constitute actual persecution; only rarely, when they are so immediate and

menacing as to cause significant suffering or harm in themselves, do threats per se qualify as persecution." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003) (concluding that an argument that a petitioner's family received many threatening phone calls failed to rise to the level of persecution when the petitioner "did not provide details about the threats and never established a concrete connection between these calls and any overt violence or mistreatment"). The Petitioners make no showing that any threat received caused significant suffering or harm under this legal standard, nor do they argue that the BIA unreasonably concluded otherwise and, thus, they do not successfully challenge the BIA's determination on this point.

### C.    Well-Founded Fear of Future Persecution

The Petitioners next raise three arguments challenging the BIA's conclusion that Mr. Lovos-Vasquez does not have a well-founded fear of future persecution on account of a protected ground. "For a fear of future persecution to be well-founded, it must be both subjectively genuine and objectively reasonable." *Ritonga v. Holder*, 633 F.3d 971, 976 (10th Cir. 2011) (internal quotation marks omitted). Fear is objectively well-founded when there is a finding that "(1) the petitioner may be singled out for persecution upon returning to her country of origin or (2) there is a pattern or practice in [that] country . . . of persecution of a group of persons similarly situated to the applicant on account of a protected classification." *Id.* (alteration in original) (internal quotation marks omitted). Furthermore, to successfully show a well-founded fear of persecution, "an asylum applicant must establish a 'nexus' between the alleged persecution and a protected ground." *Miguel-Pena*, 94 F.4th at

8

1159 (quoting *Dallakoti v. Holder*, 619 F.3d 1264, 1267 (10th Cir. 2010)). "[T]he victim's protected characteristic must be central to the persecutor's decision to act against the victim." *Rodas–Orellana v. Holder*, 780 F.3d 982, 996 (10th Cir. 2015) (alteration in original) (quotation marks omitted). Whether there is a nexus between the feared persecution and the protected ground "is a question of fact that we review for substantial evidence." *Miguel-Pena*, 94 F.4th at 1159 (internal quotation marks omitted).

First, the Petitioners claim that the BIA erred in affirming the IJ's finding that Mr. Lovos-Vasquez does not have a well-founded fear of future persecution on account of religion, namely his membership in an Evangelical Christian church. However, the Petitioners do not explain how they believe the BIA clearly erred by affirming the IJ's findings. The Petitioners cite to evidence in the record that "Christians are seen as a threat to the ideologies of guerrilla and paramilitary groups because of their faith." Appellant Br. at 15. But the Petitioners never assert that the BIA either overlooked or misconstrued this or other record evidence. In essence, they are seeking de novo review of a factual determination. That we cannot do. *See Miguel-Pena*, 94 F.4th at 1159.

Next, the Petitioners argue that the BIA erred in affirming the IJ's finding that Mr. Lovos-Vasquez does not have a well-founded fear of future persecution on account of his political opinion, namely his objection to gang activities in El Salvador. However, at no point do the Petitioners grapple with the BIA's conclusion on this point, nor do they argue that the BIA made clearly erroneous factual findings

or legal error. Once again, we cannot undertake a de novo review of a factual determination by the BIA. *See id.*

Lastly, the Petitioners challenge the BIA's determination that they failed to articulate a cognizable particular social group in proposing the group, "Salvadoran Families From Gang-Controlled Areas Who Are Resistant To Gang Rule." Appellant Br. at 20. The Petitioners fail to show that the BIA erred. A particular social group is "a group of persons all of whom share a common, immutable characteristic such as sex, color, or kinship ties." *Miguel-Pena*, 94 F.4th at 1159 (quotation marks omitted). "Whether a group qualifies as a particular social group under [8 U.S.C.] § 1102(a)(42) is a question of law subject to de novo review." *Id.* at 1160.

This court has adopted the BIA's framework for establishing whether a group qualifies as a particular social group: the group must "share a common, immutable characteristic," "have particular and well-defined boundaries," and be perceived by society as a social group. *Rivera Barrientos v. Holder*, 658 F.3d 1222, 1229, 1230, 1231–32 (10th Cir. 2011) (first quoting *Matter of Acosta,* 19 I. & N. Dec. 211, 233 (B.I.A. 1985); and then quoting *Matter of S–E–G–,* 24 I. & N. Dec. 579, 582 (B.I.A. 2008)). "If the description of the proposed group is 'too amorphous,' and ideas of what the relevant terms mean are likely to vary, the applicant has failed to provide an 'adequate benchmark for determining group membership.'" *Id.* at 1230 (quoting *S–E–G–,* 24 I. & N. Dec. at 584). "[T]he particular social group analysis is necessarily contextual, as the BIA gives the [ ] statutory term[ ] concrete meaning through a

process of case-by-case adjudication." *Id.* at 1230 (second and third alterations in original) (internal quotation marks omitted).

This matter turns on whether Mr. Lovos-Vasquez's proposed particular social group is defined with particularity and socially distinct. *Rodas–Orellana,* 780 F.3d at 990–91. "'Particularity' means the group cannot be 'indeterminate[,] too subjective, inchoate, and variable.'" *Id.* at 990 (quoting *Matter of A–M–E & J–G–U–*, 24 I. & N. Dec. 69, 76 (B.I.A. 2007)). "[S]ocial distinction" means the group is "*perceived* as a group by society." *Id.* at 991 (quoting *Matter of W–G–R-*, 26 I. & N. Dec. 208, 216 (B.I.A. 2014)). "In determining whether a group is socially [distinct], . . . the BIA considers whether citizens of the applicant's country would consider individuals with the pertinent trait to constitute a distinct social group, and whether the applicant's community is capable of identifying an individual as belonging to the group." *Id.* (internal quotation marks omitted).

The Petitioners' proposed particular social group argument suffers from two fatal flaws. First, the Petitioners make no effort to explain how the group is defined with particularity. The Petitioners do not explain what it means to be resistant to gang rule, or even what characterizes a gang-controlled area. Instead, the Petitioners simply write, "the boundaries of Petitioners' group may be easily defined, such that it constitutes a 'discrete class of persons.' They are thus *limited in number* and *particular*." Appellant Br. at 22. This conclusory argument in no way explains why this group is not "too subjective, inchoate, [or] variable." *Rodas–Orellana,* 780 F.3d at 990 (quoting *A–M–E & J–G–U–*, 24 I. & N. Dec. at 76).

11

Second, and perhaps more critically, the Petitioners point this court to no evidence even implying that their proposed particular social group is socially distinct. For instance, the Petitioners point to country-conditions evidence showing that, "[a]ccording to law enforcement representatives, gang members continued to extort organizations with known funding streams, including religious groups." Appellant Br. at 24. But nothing about this evidence shows how anti-gang families are either particular or socially distinct in Salvadoran society. In fact, all of the evidence cited in their petition for review focuses on how Christian churches are targeted by gangs in El Salvador. This evidence has no obvious connection to the Petitioners' proposed particular social group. And the Petitioners make no effort to establish that connection. The Petitioners' failure to cite to evidence showing how their proposed particular social group "constitute[s] a distinct social group" in El Salvador requires us to reject their proposed particular social group as a matter of law. *Rodas–Orellana,* 780 F.3d at 991 (quotation marks omitted).

### D.     *Withholding of Removal and CAT*

Next, the Petitioners seek to challenge the BIA's determination that they are ineligible for withholding of removal. "To be eligible for withholding of removal, an applicant must demonstrate that there is a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." *Pang*, 665 F.3d at 1233 (internal quotation marks omitted). "The showing required for withholding of removal is more stringent tha[n] the showing required for asylum." *Id.* Because Mr. Lovos-Vasquez "fails to satisfy the lower burden of proof

required for asylum, he also fails to satisfy the higher standard of eligibility for withholding of removal." *Id.* at 1234.

Finally, by only making a passing attempt to challenge the BIA's denial of relief under CAT, the Petitioners have waived their right to advance this challenge. The only argument they make is that "[f]or applicant's torture based on discrimination claim, please see above Sections discussing Petitioner's evidence submission establishing persecution by presenting articles documenting the treatment of those with close ties to religious institutions in El Salvador and their families." Appellant Br. at 26. This statement neither engages with the BIA's reasoning nor provides any ground upon which this court could consider their arguments. The petitioners have accordingly waived this challenge. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived. This briefing-waiver rule applies equally to arguments that are inadequately presented in an opening brief . . . [, such as those presented] only in a perfunctory manner." (alterations in original) (citation omitted) (internal quotation marks omitted)).

## III.    CONCLUSION

The petition for review is DENIED.

Entered for the Court

Carolyn B. McHugh
Circuit Judge